GEORGE W. WELCH, in equity, *vs.* SAMUEL STEARNS & others.

Androscoggin.    Opinion February 19, 1879.

*Bill in equity.    Joinder of parties.*

All the owners of the equity of redemption must be made parties to the bill in equity to redeem the mortgage, otherwise the bill will be dismissed.

BILL IN EQUITY, on agreed statement of facts.

The bill is dated April 1, 1878, and is brought by plaintiff to redeem a mortgage; and it was agreed that the mortgaged premises, on the second day of June, 1848, were the property of Thomas S. Welch and Angerona Welch, his wife, in undivided halves; that on said second day of June, Thomas S. Welch and Angerona Welch mortgaged said premises to defendant, Samuel Stearns, to secure the payment of their promissory note of that date, for the sum of five hundred dollars, payable in five years from date, with interest; that said note and interest were not paid when they became due; that said Angerona Welch died August 3, 1851; that the plaintiff and Persis A. Welch, Seth C. Welch, Patience B. Welch, Benjamin A. Welch, Thomas S. Welch, Jr., and Angerona C. Welch, were the children of said Thomas S. Welch and Angerona Welch, and the heirs at law of said Angerona Welch; that the plaintiff was born February 22, 1849; that on the 20th day of April, 1854, the defendant Stearns foreclosed said mortgage by publication in accordance with the provisions of revised statutes; that a portion of said premises was afterwards

conveyed by said Stearns by mesne conveyances to defendant Quimby ; that the remainder of said premises was afterwards conveyed by said Stearns by mesne conveyances to said Washburn, and that on the 4th day of September, 1873, said Washburn conveyed to the plaintiff an undivided half of the premises conveyed to him from said Stearns; that the plaintiff, on the 19th day of December, A. D. 1877, demanded of the defendants an account of the sum due on the mortgage, and of the rents and profits, &c., in accordance with the provisions of R. S., c. 90, § 13, and that defendants have not accounted.

The plaintiff prays among other things that he may be declared entitled to redeem said mortgaged premises, and that defendants account. If, from the foregoing statement of facts, the law court shall be of opinion that the plaintiff is entitled to redeem said premises or any part thereof, and to hold the defendants to an accounting, decree to be made accordingly ; otherwise, bill to be dismissed, with costs.

*J. W. Mitchell,* for the plaintiff.

*L. H. Hutchinson, A. R. Savage & F. D. Hale,* for the defendants.

LIBBEY, J. This is a bill in equity to redeem a mortgage. Thomas S. Welch and Angerona Welch, his wife, were tenants in common, in equal shares, of the premises embraced in the mortgage, and on the second day of June, 1848, they made the mortgage in issue to Samuel Stearns, to secure the payment of a note for $500, payable in five years. Angerona Welch died August 3, 1851, leaving the complainant and six other children her heirs at law. By the agreed statement it appears that Thomas S. Welch owns one undivided half of the equity of redemption, and the seven children of Angerona, including the complainant, the other half. They are all interested in all the questions embraced in the bill.

It is well settled that all the parties legally interested in the right to redeem a mortgage must be made parties to a bill to redeem. If any of them refuse to become parties complainant,

they must be made respondents. *Chamberlain* v. *Lancey*, 60 Maine, 230. *Southard* v. *Sutton*, 68 Maine, 575.

As all the parties in interest are not in court, and have no opportunity to be heard, we do not deem it proper to consider, and attempt to determine, the other questions raised and discussed at the argument.

The bill must be dismissed for want of proper parties.

*Bill dismissed with costs*
*for respondents.*

APPLETON, C. J., WALTON, BARROWS and VIRGIN, JJ., concurred.